908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary E. REED, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 89-6353.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1990.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges; and JOHN W. POTTER, District Judge.*
 PER CURIAM:
 
 
 1
 Plaintiff Gary E. Reed ("Reed") appeals from the district court's September 11, 1989 order granting summary judgment in favor of defendant the Secretary of Health & Human Services ("the Secretary"). Reed contends that the district court's finding that he is capable of performing significant gainful employment is not supported by substantial evidence. Specifically, Reed argues that the district court failed to correctly evaluate and consider the amount and severity of his pain. For the reasons set forth below, we AFFIRM.
 
 
 2
 Reed's alleged disability stems from an August 1984 back injury. He states that he incurred this injury while attempting to stand up after working in a bent-over position in a low coal mine. Although he experienced lower back pain and weakness in his legs, Reed suffered no acute injury or trauma to his back. There are no physical signs of any condition that would cause more than mild to moderate pain. Furthermore, Reed is not always in pain. Progress reports prepared by Dr. Joseph H. Rapier, Reed's treating physician, revealed that in September 1984 much of the numbness in Reed's right leg was gone. Joint Appendix at 171. Exhibit 20, Submitted during Oral Hearing, Reed v. Secretary of HHS, (No. 88-328). Later reports in 1985 and 1987 indicate that Reed was progressing quite well and was planning to return to work. Id. at 170.
 
 
 3
 The standard for evaluating pain requires objective medical evidence of an impairment and either: (a) objective evidence that confirms the severity of the alleged pain arising from the impairment; or (b) evidence that the impairment is of such severity that it reasonably can be expected to produce the alleged disabling pain. McCormick v. Secretary of HHS, 861 F.2d 998, 1002-1003 (6th Cir.1988). In evaluating claims of disability resulting from pain, the relevant regulations direct us to consider all symptoms and the extent to which they are supported by medical signs and laboratory findings.[1] If medical symptoms or findings fail to support a medical condition consistent with the claimant's pain, then the pain is not disabling. See Duncan v. Secretary of HHS, 801 F.2d 847, 854 (6th Cir.1986) (plaintiff's spinal X-rays failed to show a severe condition and the evidence revealed that he had no neurological defects and could do light work).
 
 
 4
 We find that the district court correctly determined that Reed does not suffer disabling pain. Although Reed experiences some moderate pain, the evidence does not support a finding of severe disabling pain. Moreover, the administrative law judge ("ALJ") carefully considered the medical evidence and Reed's complaints of pain.[2] The ALJ properly concluded that Reed's ability to work was not limited to a disabling degree.[3]
 
 
 5
 Having carefully considered the record, the briefs submitted in this case, and the oral arguments, we find no error warranting reversal. We, therefore, AFFIRM the September 11, 1989 memorandum opinion and order of the Honorable G. Wix Unthank, United States District Judge for the Eastern District of Kentucky.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sat by designation
 
 
 [1]
 The regulations provide:
 We consider all your symptoms, including pain, and the extent to which signs and laboratory findings confirm these symptoms. The effects of all symptoms, including severe and prolonged pain, must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptom. We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms.
 
 
 [20]
 C.F.R. Sec. 404.1529 (emphasis added)
 
 
 [2]
 The ALJ thoroughly questioned Reed on his complaints of pain. See Joint Appendix at 92-98. Transcript of Administrative Hearing, Dec. 7, 1987, Reed v. Secretary of HHS, (No. 88-328)
 
 
 [3]
 Reed also maintains that the ALJ relied on the incorrect Social Security Ruling ("SSR") for evaluating his pain. He maintains that the ALJ relied on SSR 82-58 which he contends was superseded by SSR 88-13; therefore, SSR 88-13 should have been applied. SSR 82-58 was in effect at the time of the ALJ's June 14, 1988 decision. SSR 82-58 was superseded by SSR 88-13 on July 20, 1988, more than a month after the ALJ rendered his decision. Furthermore, SSR 88-13 does not alter the policies exemplified in SSR 82-58; rather it clarifies the Social Security Administration's method of evaluating pain and other symptoms. Thus, we conclude that the ALJ applied the correct Social Security Ruling